QUINCE, J.,
concurring in part and dissenting in part.
I concur with the majority’s findings that the evidence here is sufficient to sus *1189 tain Middleton’s convictions. I disagree with the majority’s finding that the Hurst error was harmless beyond a reasonable doubt for the same reasons set forth in Justice Perry’s partial concurrence in Davis v. State, 207 So.3d 142, 175-76 (Fla. 2016) (Perry, J., concurring in part and dissenting in part). The jury’s unanimous recommendation of death in this case does not enable this Court to conclude beyond a reasonable doubt that the jurors would have made all the findings necessary for the imposition of death unanimously. Just as this Court declined to speculate as to how the jurors would have voted in Hurst v. State, 202 So.3d 40, 69 (Fla. 2016), so too should we decline to speculate in this case. I conclude that the error here was harmful.